# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

DAVID GERMAINE WHITE,                )
                                     )
            Plaintiff,               )
                                     )
      v.                             )          No. 1:16CV58 SNLJ
                                     )
IAN WALLACE, et al.,                 )
                                     )
            Defendants.              )

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $11, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court finds that this action must be dismissed for failure to state a claim upon which relief can be granted.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff brings this action against several officials at the Southeastern Correctional Center ("SECC"). According to plaintiff's exhibits, he requested a transfer to SECC from another facility to participate in the Institutional Treatment Center ("ITC") Program, which is a substance abuse treatment course. When the program began, plaintiff refused to participate in it and signed the "Treatment Refusal" request.

Plaintiff was given a conduct violation for making a false statement. He was placed in temporary administrative segregation on about July 27, 2015. He objected to the violation on the basis that he had a right to change his mind.

Plaintiff complained to defendant Paula Reed that his procedural due process rights were violated because he was never given a formal hearing for his administrative segregation placement. Reed responded that plaintiff would remain in the Restrictive Housing Unit ("RHU") pending transfer to another facility "due to violation of your ITC contract."

Plaintiff filed an Informal Resolution Request ("IRR") complaining that he did not see the RHU committee for more than seven days after his confinement in segregation, which he claimed violated prison policy. His IRR was denied because prison staff realized their mistake and the committee saw him on August 13, 2015. His grievance and grievance appeal were denied for the same reason.

Plaintiff complains that his right to equal protection has been violated because he was held in administrative segregation longer than offenders who committed more serious infractions. Plaintiff also complains that he was only allowed to wear underwear in

administrative segregation and that it was cold during the winter. Plaintiff has been transferred to the Potosi Correctional Center.

## Discussion

A plaintiff must "allege and prove something more than different treatment by government officials" to state an equal protection claim. *Batra v. Bd. of Regents of Univ. of Nebraska*, 79 F.3d 717, 721 (8th Cir. 1996). "[T]he key requirement is that plaintiff allege and prove unlawful, purposeful discrimination." *Id.* at 722; *see Albright v. Oliver*, 975 F.2d 343, 348 (7th Cir.1992) ("you must be singled out because of your membership in the class, and not just be the random victim of governmental incompetence"), *aff'd on other grounds*, 510 U.S. 266 (1994); *Booher v. United States Postal Serv.*, 843 F.2d 943, 944 (6th Cir.1988) ("[t]he equal protection concept does not duplicate common law tort liability by conflating all persons not injured into a preferred class"); *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir.1986) ("[t]he equal protection argument fails here because the wrong is not alleged to be directed toward an individual as a member of a class or group singled out for discriminatory treatment"). In this case, plaintiff has not alleged that he was singled out because of his membership in a protected class. Therefore, his equal protection claim fails to state a claim upon which relief can be granted.

In order to determine whether a segregated plaintiff "possesses a liberty interest, [the Court must] compare the conditions to which [plaintiff] was exposed in segregation with those he . . . could 'expect to experience as an ordinary incident of prison life.'" *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)). In this context, the Court "do[es] not consider the procedures used to confine the inmate in segregation." *Id.* (citing *Kennedy v. Bankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). For

plaintiff "to assert a liberty interest, he must show some difference between [the] conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." *Id.* The complaint does not allege facts showing an atypical or significant hardship. As a result, plaintiff has failed to allege that defendants have infringed upon a constitutionally protected liberty interest, and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $11 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 12<u>th</u> day of April, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE